**Eric V. Luedtke, Esq, SBN 172360**
**Law Offices of Eric V. Luedtke**
**3230 E. Imperial Highway, Suite 208**
**Brea, California 92821**
**Tel: (714) 579-1700**
**Fax: (714) 579-1710**

**Attorneys for Plaintiff**

**Max C. Fischer, SBN 226003**
**mfischer@sidley.com**
**Erica C. Parks, SBN 273893**
**eparks@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013**
**Telephone: (213) 896-6000**
**Facsimile: (213) 896-6600**

**Attorneys for Defendants**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SIBRIAN, <br><br> Plaintiff, <br><br> vs. <br><br> AON GROUP, INC.; AON CONSULTING, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. **CV13-02523 ODW (JEMx)** <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> Assigned to Hon. John E. McDermott (for discovery matters) |

LA1 2902016v.1

1

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between plaintiff Hugo Sibrian, and defendants Aon Group, Inc., and Aon Consulting, Inc., through their respective counsel, as follows:

**Designating Materials as Confidential**

1. Any party may designate as "Confidential" any writing which has not been made public and which contains limited information or items that the producing party deems to (1) be protected by the right of privacy, including but not limited to, private contact and identifying information, and/or third-party personnel data and information, (2) be proprietary, or (3) contain trade secrets. "Confidential" information includes, but is not limited to, the following:

   a. Current or past business planning and financial information;
   b. Operating statements or reports;
   c. Trade secrets;
   d. Past or current personnel or employee information;
   e. Financial statements and tax returns;
   f. Current and past marketing and product-development plans or methods;
   g. Financial information not publicly filed with any federal or state regulatory authorities;
   h. Confidential or sensitive customer information, including customer lists;
   i. Insurance information;
   j. Confidential or business sensitive contracts or agreements; and
   k. Any other confidential information, the disclosure of which is likely to cause competitive, or commercial, or other injury to the producing Party or result in an invasion of protected privacy

LA1 2902016v.1

interests.

2. The designating party shall designate writings as Confidential by producing: (a) a copy of the writing with the word "CONFIDENTIAL" next to the Bates number; or (b) an unredacted copy of the writing with the word "CONFIDENTIAL" next to the Bates number and a copy of the writing with the word "REDACTED" next to the Bates number with all of the Confidential information redacted in such a manner that the designating party has no objection to the document, as redacted, being filed in open court.

3. Information disclosed at a deposition or hearing for which a record is being kept may be designated as Confidential by indicating on the record that the information is Confidential and is subject to the terms of this Stipulation and Order.  A party also may designate information disclosed at any such deposition or hearing as Confidential by notifying all of the parties in writing, within thirty days of a party's receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential.

4. Inadvertent production of information during this litigation that a party later believes should have been designated Confidential shall be without prejudice to the producing party's ability to subsequently designate the information as Confidential if all other parties agree to such designation or upon motion and order of the court for good cause shown.

**Challenging The Designation**

5. While any party may challenge a designation of Confidential, the party does not need to do so upon receipt, and any delay in making such a challenge shall not constitute a waiver or otherwise prejudice

3

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

the challenge, provided such challenge is made no fewer than 60 days prior to trial.

6. If a party objects to a designation of information as Confidential, that party shall provide written notification by email to the designating party of the objection and the specific grounds upon which the objection is made, and request to meet and confer, within seven days, in good faith regarding the issue.

7. If the parties are unable to reach a resolution, or if the designating party refuses to meet and confer, then the objecting party may provide written notification by email to the designating party that the dispute cannot be informally resolved.

8. Within fourteen days of receiving notification that the dispute cannot be informally resolved, the designating party may, in accordance with the applicable Local Rules, either file a motion with the Court to continue the designation in question, or waive the designation by not filing such a motion.

9. If a motion is filed within the time period described in the preceding paragraph, then the designating party shall have the burden to show that the designation is appropriate, and the burden shall be that the designating party can show a likelihood of success on the merits that the designation complies with the requirements of Paragraph 1. The parties shall continue to treat the information as Confidential until the Court rules on the motion.

### Filing Confidential Writings In Court

10. The filing and lodging of all Confidential materials shall be governed by Federal Rule of Civil Procedure 5.2 and Local Rule 79.5. Confidential materials filed under seal shall be delivered sealed to the

Clerk of the Court and shall not be available for public inspection. The designation "CONFIDENTIAL" shall be stamped on the envelope used to seal such materials and a statement substantially in the following form shall also be printed on the envelope: "Sibrian v. Aon Group, Inc., et al., Case No. CV13-02523 ODW (JEMx): This filing is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order."

### Treatment Of Confidential Information

11. All information designated as Confidential shall be maintained in confidence and not disclosed, directly or indirectly, to any person or used except as provided herein or upon (a) the express written consent of the designating party, (b) waiver of the designation pursuant to Paragraph 8, or (c) further order by the Court.

12. Information designated as Confidential shall be disclosed only to: (a) the Court and court personnel (as provided herein); (b) court reporters and videographers used in depositions, at a hearing, or at trial in this action; (c) the parties; (d) the parties' attorneys and their paralegal, clerical, and administrative support personnel who are assisting in the prosecution and/or defense of this action; (e) expert witnesses, consultants retained by the parties' attorneys in connection with this action, and other persons as determined by the parties' attorneys to whom disclosure of information designated as Confidential is deemed to be reasonably necessary to prosecute or defend this action; (f) mediators, arbitrators, or other personnel engaged as part of any alternative dispute resolution; and (g) any other person as to whom the parties agree in writing.

13. Before any person in categories (e) or (g) of the foregoing paragraph receives information designated as Confidential, such person shall

sign a non-disclosure agreement in the form attached hereto as Exhibit A. Counsel of record shall retain all declarations so that they are available if a charge of an improper disclosure under this Stipulation and Order is made.

14. Nothing herein shall prohibit a party or its counsel from disclosing a document that information designated as Confidential to any person that the document identifies as an author, addressee, or recipient of such document.

15. In the event that disclosure is made to an undisclosed expert or consultant retained by a party in connection with the litigation, the identity of the undisclosed expert is that party attorney's work product and need not be disclosed to opposing counsel even though the expert or consultant signs a written certification; provided, however, that the written certifications executed by undisclosed experts or consultants shall be made available to opposing counsel for inspection and copying upon a reasonable request at the earliest of (a) the date on which such expert or consultant has been disclosed or (b) within 60 days after conclusion of this litigation, whether by settlement, judgment, appeal, dismissal, or otherwise.

16. All Confidential Information produced or revealed by a party or a third-party in the course of this litigation shall be used solely for the purpose of prosecuting or defending this action, including any mediation, arbitration, other settlement proceedings or negotiations or respecting an appeal, and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Stipulation and Order, or as further agreed to by the parties or ordered by the Court.

17. The treatment accorded information designated as Confidential under this Stipulation and Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of such information.

18. Within sixty days after the final termination of this action, each person who receives Confidential information shall either return such information to the providing party, destroy such information in its possession, or submit a declaration listing writings designated as Confidential that have not been returned or destroyed and explaining why.  Attached to the declaration will be copies of each Exhibit A Non-Disclosure Agreement obtained by the party.  Notwithstanding the foregoing, outside counsel of record for the parties may retain one copy of any designated materials and of any pleadings filed under seal herein, and one copy of each transcript containing designated materials for their files.

19. The Parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection.  Promptly upon discovering that any Privileged Information has been produced, the producing party shall notify the receiving party in writing.

20. This Stipulation and Order may be supplemented and/or amended by the Parties, upon an appropriate application and showing to the Court and/or on the Court's own motion.  This Stipulation and Order shall not prevent any Party from applying to the Court for relief therefrom.

21. By entering into this Stipulation and Order, no party waives any objection that the party may have to the production of any information sought in this action.  This Stipulation and Order shall not be used to

require any party to produce any particular document or information. The purpose of this Stipulation and Order is to facilitate production, and parties retain whatever rights and burdens they have under the law concerning production of any specific document or information.

Dated: November 26, 2013                LAW OFFICES OF ERIC V. LUEDTKE

By: /s/ Eric V. Luedtke
Eric V. Luedtke
Attorneys for Plaintiff

Dated: November 26, 2013                SIDLEY AUSTIN LLP

By: /s/ Erica C. Parks
Max C. Fischer, SBN 226003
mfischer@sidley.com
Erica C. Parks, SBN 273893
eparks@sidley.com

*Attorneys for Defendants*

**Exhibit A**

NON-DISCLOSURE AGREEMENT

I, _____, have read and understand the Stipulation and Protective Order entered in *Sibrian v. Aon Group, Inc., et al.*, United States District Court for the Central District of California, Case No. CV13-02523 ODW (JEMx), and I agree to comply with and be bound by its terms and conditions unless and until modified by further order of the Court.  I will not disclose any information designated as Confidential, except as permitted by the terms of the Stipulation and Order, and I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Order.

Executed on _____, 20__, at _____, State of _____.

_____
(Signature)

## [~~PROPOSED~~] ORDER

Based on review of the stipulation of counsel and good cause shown, the stipulation is approved and shall govern the discovery and use of confidential information in this lawsuit.

IT IS SO ORDERED.

Dated:  November 27, 2013

_____
Honorable John E. McDermott
United States Magistrate Judge